IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| MICHAEL ARASHTEH, *et al.*, | * |
| Plaintiffs, | * |
|  | * |
| v. | *     CIVIL NO.: WDQ-13-2833 |
|  | * |
| MOUNT VERNON FIRE INSURANCE CO., | * |
|  | * |
| Defendant. | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Michael Arashteh and Aria, LLC (collectively "the Plaintiffs"), sued Mount Vernon Fire Insurance Company ("the Defendant"), for breach of contract and related claims in the Circuit Court for Baltimore City, Maryland.  The Defendant removed the case to this Court.  Pending is the Defendant's motion to dismiss, or in the alternative, motion for summary judgment.  No hearing is necessary.  *See* Local Rule 105.6.  For the following reasons, the Defendant's motion to dismiss will be granted in part and denied in part.

## I.   Background[1]

Arashteh is a citizen of Maryland,[2] and the sole owner of Aria, LLC.[3]  *See* ECF No. 2 ¶¶ 1-2.  The Defendant is an insurance company incorporated in Pennsylvania, with its principal place of business in Wayne, Pennsylvania.  *See id.* ¶ 3.  Aria, LLC owns and maintains a property at 6826 Harford Road, Baltimore, Maryland 21158 ("the Property"), primarily as a rental property.  *See id.* ¶¶ 2, 7.[4]  In 2005, the Plaintiffs purchased from the Defendant, a homeowner's insurance policy ("the Policy") to insure the Property.  *See id.* ¶ 8.  The Policy was renewed annually subject to an annual inspection.  *Id.* ¶ 9.  The Plaintiffs "consistently, and timely" paid all premiums owed to the Defendant under the Policy.  *Id.* ¶ 10.

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] Arashteh's principal residence is 15808 Ensor Mill Road, Sparks, Maryland 21152.  *See* ECF No. 2 ¶ 1.

[3] Aria, LLC is a limited liability company registered in Maryland with its principal place of business in Baltimore, Maryland. *See* ECF No. 2 ¶ 7.  Arashteh is the sole member of Aria, LLC, and a citizen of Maryland.  *See* ECF No. 2 ¶¶ 1, 2.

[4] The Plaintiffs seek damages "in an amount to exceed $75,000." ECF No. 2 ¶ 56.  The Plaintiffs are both citizens of Maryland, and the Defendant is a citizen of Pennsylvania.  Accordingly, this Court has jurisdiction on the basis of diversity.  *See* 28 U.S.C. § 1332(a)(1).

On August 18, 2011, there was a "bout of extreme weather" in the area, "which included significant rain, wind and hail." ECF No. 2 ¶ 11.  The extreme weather "lifted parts of the roof and blocked the drainage," allowing water to infiltrate through the Property's roof.  *Id.* ¶ 12.  Portions of the roof collapsed and leaked, resulting in significant exterior damage and loss to the building's interior.  *Id.* ¶ 13.  The Plaintiffs had previously replaced the entire roof and routinely performed preventive maintenance on the roof.  *See id.* ¶¶ 12, 14.  The Plaintiffs were not aware of any signs of water damage or other issues on the Property before this damage.  *Id.* ¶ 13.

As a result of the damage to the Property, the Plaintiffs filed a claim with the Defendant.  *See* ECF No. 2 ¶ 16.  The Defendant sent Jim Hardy, its employee, to the Property to inspect the damage and assess the Plaintiffs' claim.  *Id.* ¶ 17.  Hardy assessed the damage to the Property and spoke to Arashteh about the claim.  *Id.* ¶ 18.  Hardy "represented to Plaintiff that the entire claim would be considered and that the damages were substantially more than one thousand dollars."  *Id.* ¶ 19.  Several months later, the Defendant informed the Plaintiffs that the claim was being denied under the terms of the Policy, "stating that the damage to the roof was the result of wear and tear and deterioration."  *Id.* ¶ 20.  The Plaintiffs retained Metro Public Adjustment, which estimated the damage as

$34,689.24.  *Id.* ¶ 21.  The Defendant failed to timely respond to the Plaintiffs' claim, and "misrepresented to the Plaintiff several times that his Claim would be covered."  ECF No. 2 ¶ 23. The Defendant has forced Arashteh to attend numerous inspections of the Property and examinations under oath.  *Id.* ¶ 24.

On August 27, 2013, the Plaintiffs sued the Defendant in the Circuit Court for Baltimore City, Maryland for breach of contract (Count I), intentional breach of the implied covenant of good faith and fair dealing (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and tort arising from breach of contract - actual malice (Count IV).  *See* ECF No. 2.  On September 26, 2013, the Defendant removed the case to this Court on the basis of diversity.  ECF No. 1.  On October 3, 2013, the Defendant moved to dismiss for failure to state a claim, or in the alternative, for summary judgment.  ECF No. 9.  On October 21, 2013, the Plaintiffs opposed the motion. ECF No. 12.  On November 7, 2013, the Defendant replied.  ECF No. 14.

II.  Analysis

A.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

4

a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

5

B.    The Defendant's Motion to Dismiss

1.    Choice of Law

The Plaintiffs assert breach of contract and tort claims against the Defendant. *See* ECF No. 2 ¶¶ 25-56.  In determining choice-of-law, a district court applies the choice-of-law rules of the state in which it sits, in this case Maryland. *See,* *e.g., Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1098 (D. Md. 1996).  Maryland applies the law of the place where the contract was made, under the doctrine of *lex locus contractus.* *See Cont'l Cas. C. v. Kemper Ins. Co.*, 173 Md. app. 542, 548 (Md. 2007).  With respect to an insurance policy, the laws of the state in which the policy is delivered and the premiums are paid apply. *See id.* Both Plaintiffs are located in Maryland, and the Property is located in Maryland, giving rise to the assumption that the policy was delivered and the premiums paid in Maryland. *See* ECF No. 2 ¶¶ 1-2.  The parties do not dispute that Maryland law governs the contract. *See* ECF No. 9-1 at 11; ECF No. 12 at 10. As to the Plaintiffs' tort claims, Maryland applies the law of the place where the tort occurred, under the doctrine of *lex locus delicti. See Shaefer*, 910 F. Supp. at 1098.  The alleged torts in the case arise out of inspections, investigations, and the denial of coverage of a building located in Baltimore, Maryland.  *See* ECF No. 2 ¶¶ 33-56.  Accordingly, the Court will apply Maryland law.

      2.    Breach of the Implied Covenant of Good Faith and
              Fair Dealing (Count II and Count III)

The Plaintiffs bring two claims against the Defendant based
on its alleged breach of the implied covenant of good faith and
fair dealing.[5]  The Defendant argues that the claims should be
dismissed because Maryland does not recognize an independent
cause of action for an alleged breach of the covenant of good
faith and fair dealing.  *See* ECF No. 9-1 at 16-17; ECF No. 14 at
2; *Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119,
1122 (D. Md. 1993) ("Maryland does not recognize a breach of the
covenant of good faith and fair dealing as an independent claim
for breach of contract . . . .").  In their reply, the
Plaintiffs concede that Counts II and III should not be separate
counts, but they urge the Court to consider them as part of
their breach of contract claim in Count I.  *See* ECF No. 12 at
10.  In Maryland, the implied duty of good faith is a part of a
breach of contract claim rather than its own cause of action.
*See Mt. Vernon Props., LLC v. Branch Banking & Trust Co.*, 170
Md. App. 457, 472 (Md. Ct. Spec. App. 2006).

Accordingly, Counts II and III will be dismissed as
separate causes of action, and their allegations will be

---

[5] Count II (Intentional Breach of the Implied Covenant of Good
Faith and Fair Dealing), and Count III (Breach of the Implied
Covenant of Good Faith and Fair Dealing).  *See* ECF No. 2 ¶¶ 33-
52.

considered as part of the Plaintiffs' breach of contract claim in Count I.

        3.   Tort Arising From Breach of Contract (Count IV)

In Count IV, the Plaintiffs assert a claim for "Tort Arising From Breach of Contract." ECF No. 2 ¶¶ 53-56. The Defendant contends that Count IV should be dismissed because Maryland does not recognize such a cause of action. *See* ECF No. 9-1 at 17. The Plaintiffs do not address this argument in their opposition. In Maryland, a contractual breach does not give rise to a separate tort action. *See Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) ("The Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort.").

Here, the Plaintiffs allege that the Defendant acted with malice in refusing to provide insurance coverage, thereby causing the Plaintiffs economic damage. *See* ECF No. 2 ¶¶ 55-56. In Count IV, the Plaintiffs argue they are "entitled to all damages caused by Defendants' breach of contractual duty." *Id.* This claim is an attempt to bring a tort action on the basis of an alleged contractual breach. Because Maryland does not recognize a separate tort action for breach of contract, Count IV will be dismissed. *See Snyder v. Chester Cnty. Mut. Ins. Co.*, 264 F. Supp. 2d 332, 340 (D. Md. 2003) ("An insured may not

8

bring a bad faith claim against an insurer for refusal to perform under a contract.").

### 4. Breach of Contract Claim (Count I)

The Defendant argues that the breach of contract claim should be dismissed because the Plaintiffs' claim for insurance has not been denied; thus, the Defendant has not breached the contract. *See* ECF No. 9-1 at 15.[6] The Defendant further contends that the other allegations of good faith cannot sustain a breach of contract claim. *Id.*

To survive a motion to dismiss, "a complaint for breach of contract must allege facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation." *See Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc.*, 190 F. Supp. 2d 785, 791 (D. Md. 2002) (*citing Cont'l Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 279 Md. 476, 480 (Md. 1977)).

---

[6] The Defendant also argues that all claims asserted by Arashteh should be dismissed because he is not a party to the Policy; therefore he is not entitled to rights under the contract. *See* ECF No. 9-1 at 12. However, the complaint alleges that "*Plaintiffs* purchased a homeowner's insurance policy from Mount Vernon (the 'Policy') to provide full insurance coverage for the Property." ECF No. 2 ¶ 8 (emphasis added). Additionally, under Maryland law, an individual who is not a party to a contract may, in limited circumstances, maintain a breach of contract action under the doctrine of third-party beneficiary. *See Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1099 (D. Md. 1996) (*citing Parlette v. Parlette*, 88 Md. App. 628, 637 (Md. 1991)). Accordingly, Arashteh's claims will not be dismissed at this stage of the proceedings.

Here, the Plaintiffs allege that they purchased a homeowner's insurance policy from the Defendant. *See* ECF No. 2 ¶ 8. The complaint asserts that, under the terms of the policy, the Defendant had a duty to provide the Plaintiffs with insurance coverage for the weather damage sustained by the Property. *Id.* ¶¶ 29, 12-15. The Plaintiffs allege that the Defendant "refused to provide the coverage required of them under the terms of the Policy." *Id.* ¶ 30. Whether the damage is covered by the terms of the Policy or whether the Defendant failed to fulfill an obligation to provide coverage under the Policy is yet to be determined. However, the Plaintiffs' allegations as to the contract's coverage and its breach are sufficient to state a claim. At the motion to dismiss stage, the Plaintiffs do "not have to forecast evidentiary support for [their] allegations." *See Swedish Civil Aviation Admin.*, 190 F. Supp. 2d at 791. Because the Plaintiffs have sufficiently alleged a contractual obligation and a breach, the Defendant's motion to dismiss Count I will be denied.

III. Conclusion

For the reasons stated above, the Defendant's motion to dismiss will be granted in part and denied in part.

8/12/14
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

10